99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re ATON COMPONENTS, INC., Debtor.
Harry J. BOEHM, Appellant,
v.
ATON COMPONENTS, INC.; Unsecured Creditors' Committee, Appellees,
Oigawa Electric Company, Inc.
 No. 95-6475.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 Before: MERRITT, COLE, and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Harry J. Boehm, a Kentucky litigant proceeding pro se, appeals a district court order affirming the decision of a bankruptcy court to deny a salary claim filed by Boehm against the debtor, Aton Components, Inc. (Aton). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Aton makes light bulb components, and Boehm was president of the company. Oigawa is the majority shareholder in Aton. Aton filed for Chapter 11 bankruptcy protection, and Boehm filed a claim against Aton for $25,000 in deferred salary. The creditor's committee objected to the claim on the ground that the salary was not deferred but was actually waived. Boehm responded that the salary was deferred and that the creditors' committee was just trying to coerce Boehm into abandoning the issues of subrogation and subordination against Oigawa. (As a guarantor of a loan by Aton, Oigawa had paid a debt of Aton to the Kobe Bank and had moved for subrogation to that claim in the bankruptcy court. At one point in the proceedings, the United States Trustee argued that Oigawa's claims might be subject to equitable subordination to the claims of other creditors.) The bankruptcy court sustained the creditors' committee's objections and disallowed Boehm's claim on the ground that he had waived payment of this part of his salary. Boehm appealed to the district court. The district court affirmed the bankruptcy court's decision on the salary claim in a memorandum opinion and order entered October 18, 1995. This appeal followed.
 
 
 3
 On appeal, this court independently reviews the bankruptcy court's decision. Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.), 66 F.3d 1436, 1440 (6th Cir.1995); Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and reviews the bankruptcy court's conclusions of law under the de novo standard. In re The Gibson Group, Inc., 66 F.3d at 1440.
 
 
 4
 The bankruptcy court did not err when the court disallowed Boehm's claim. Boehm is an insider. A claim by an insider must be carefully examined, and the obligation of the debtor to the insider claimant must be established, in the first instance, by credible and reliable evidence. If the debt, liability or obligation of the debtor to the insider claimant is not established by credible and reliable evidence, the claim must be disallowed. It is only after the debt is established by credible and reliable evidence that § 502(b)(4) and the reasonable value of an insider's services become an issue. See 11 U.S.C. § 502(b)(4); In re All-American Auxiliary Ass'n, 95 B.R. 540, 544 (Bankr.S.D.Ohio 1989).
 
 
 5
 Boehm's filing of his proof of claim is prima facie evidence of the amount claimed. See 11 U.S.C. § 502(a); Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir.1992). That evidentiary effect is overcome, however, when an objecting party comes forth with sufficient evidence to place the claimant's entitlement at issue, and ultimately, the burden of proving the claim rests with the claimant. Id.
 
 
 6
 The bankruptcy court found that Boehm had agreed to a salary reduction, and that he was not entitled to be repaid until adequate funds became available, a condition which would never occur. These findings are supported by the evidence of record. Indeed, the letter written by Boehm in September of 1991 indicates that the salary was reduced and sets no deadline for the repayment of the claim. Effectively, Boehm waived his salary. There was no other evidence, written or otherwise, to support Boehm's entitlement to the requested salary. The bankruptcy court's findings are, therefore, not clearly erroneous.
 
 
 7
 Even if Boehm's evidence supported his entitlement to the requested salary, the promise of repayment, under the statute of frauds, is unenforceable. See Ky.Rev.Stat.Ann. § 371.010(7).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation